UNITED STATES of America, Plaintiff-Appellee,

v.

CENTRAL TRUCK LINES, INC., Defendant-Appellant.

CENTRAL TRUCK LINES, INC., et al., Plaintiffs-Appellants,

v.

UNITED STATES of America et al., Defendants-Appellees.

No. 75–1955.

United States Court of Appeals, Fifth Circuit.

March 10, 1977.

Rehearing Denied April 7, 1977.

Robert E. Born, J. Michael May, Atlanta, Ga., for appellants.

Norman R. Powell, Louisville, Ky., for Central & Southern Motor Freight.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Kenneth G. Caplan, Interstate Comm. Commission, Washington, D. C., for appellees.

Before JONES, WISDOM and GODBOLD, Circuit Judges.

JONES, Circuit Judge:

The appellant, Central Truck Lines, is a common carrier by motor trucks. In 1968 it transported automobiles for the United States, the appellee here, and collected freight charges computed by the application of an exception rate rather than at the lower classification rate. The United States claimed it had been overcharged and that the lower rate was applicable. It brought an action against Central for the difference between the amount it had paid and that which it would have paid at the lower rate. The district court referred the question to the Interstate Commerce Commission for a determination of the validity of the rate used by Central. The Commission held that the exception rate was unjust, arbitrary and unreasonable to the ex-

tent it exceeded the classification rate. Central brought an action to review and set aside the I.C.C. decision. The district court determined that the decision of the Commission was not arbitrary, capricious or an abuse of discretion and entered a judgment for the United States in its action against the carrier. The district court dismissed the action to review the I.C.C. decision. Central Truck Lines has appealed from both judgments and the appeals have been consolidated.

It is the general rule that the scope of judicial review of decisions of the Interstate Commerce Commission within the area of its expertise is narrow and extends only to questions affecting the constitutional power, statutory authority and warrant in the record for its determination, ascribing its findings the weight due to the judgment of an expert body. It will be presumed that the Commission properly performed its duties. This presumption attaches in the absence of clear evidence to the contrary. *United States v. Southern Railway Company*, 5th Cir. 1966, 364 F.2d 86.

Central Truck Lines contends that its evidence required a determination of the validity of the exception rate and that it had rebutted any presumption of the invalidity of the excess of such rate over the classification rate. The Commission ruled otherwise and the district court agreed with the Commission. This Court is in accord.

The appellant points to a 1972 rate fixing decision of the Commission which promulgated a new classification rate higher than the exception rate charged by the appellant in 1968. I & S Docket No. M–24488, Classification Ratings on Passenger Automobiles, Nationwide. The appellant urges that this is controlling on the question as to whether the rate used was excessive and invalid and in conflict with the decision of the Commission in the case before this Court. The Supreme Court has furnished a guide for resolving this issue. It has held that an order for reparations is made by the Commission in its quasi-judicial capacity to redress past overcharges

exacted by a carrier from a shipper, while an order fixing new classification rates for the future is made in the exercise of the quasi-legislative function of the Commission and has no retroactive effect. *Baer Brothers Mercantile Company v. Denver & Rio Grande Railroad Company*, 233 U.S. 479, 34 S.Ct. 641, 58 L.Ed. 1055. A decision of the Commission in 1972 fixing a classification rate effective thereafter is not determinative of the correctness of a freight charge previously collected.

The judgment of the district court in each of the cases on appeal is AFFIRMED.